**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 13-00104-CJC(OPx)            Date: January 28, 2013

Title: <u>FEDERAL NATIONAL MORTGAGE ASSOCIATION v. DOMINADOR O. NICOLAS III, ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                   <u>N/A</u>
Deputy Clerk                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                   None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

       Plaintiff Federal National Mortgage Association ("Plaintiff") filed this unlawful detainer action against Defendant Dominador O. Nicolas III ("Defendant") in San Bernardino Superior Court on July 25, 2012. On January 16, 2013, Defendant removed the case to this Court on the basis of diversity jurisdiction and federal question jurisdiction. (Dkt. No. 1 [Notice of Removal].) After reviewing the Complaint and Notice of Removal, it appears that the Court may lack subject matter jurisdiction.

       Whether subject matter jurisdiction exists may be raised by the Court sua sponte at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). In

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 13-00104-CJC(OPx)                                    Date: January 28, 2013
                                                                                              Page 2

---

a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

   Defendant alleges diversity jurisdiction due to the fact that the parties are residents of different states, and *Defendant's* damages exceed $75,000.  However, it does not appear that Defendant has filed any counterclaims in federal or state court.

   Defendant also cites federal question jurisdiction as a basis of removal.  Based on the Complaint, this case appears to be a straightforward action for unlawful detainer, a state-law claim.  Defendant contends that there are federal questions "surrounding the construction of the pooling and Service Agreement," and regarding Plaintiff's standing.  (Dkt. No. 1 at 3.)  However, Defendant gives no details regarding the specific federal questions that will arise.  Defendant also asserts that there are federal questions surrounding the unlawful foreclosure of the home, including violations of Defendant's constitutional rights.  Such federal questions would appear to arise from Defendant's counterclaims or defenses, which cannot form the basis for federal jurisdiction.  *See Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002).

   The Court therefore orders Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction.  Defendant shall file an opposition to the Court's order to show cause by February 8, 2013.  Plaintiff shall have until February 15, 2013 to file a response.  This matter will be decided on the papers without any hearing.


mtg

MINUTES FORM 11
CIVIL-GEN                                                                                      Initials of Deputy Clerk MU